# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHARP,<br><br>                     Plaintiff,<br><br>v.<br><br>ISLANDS CALIFORNIA ARIZONA LP, et al.,<br><br>                    Defendants. | CASE NO: 11-CV-671W (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART & DENYING IN PART PLAINTIFF'S SUMMARY-JUDGMENT MOTION [DOC. 29];**<br><br>**(2) GRANTING IN PART & DENYING IN PART DEFENDANT'S SUMMARY-JUDGMENT MOTION [DOC. 42], AND**<br><br>**(3) REQUIRING FURTHER BRIEFING** |

     Pending before the Court are the parties' cross-motions for summary judgment under Federal Rule of Civil Procedure 56. The Court decides the matters on the papers and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS IN-PART** and **DENIES IN-PART** Plaintiff's summary-judgment motion [Doc. 29], **GRANTS IN-PART** and **DENIES IN-PART** Defendant's summary-judgment motion [Doc. 42], and **ORDERS** further briefing.

## I. BACKGROUND

Plaintiff Dennis Sharp is unable to independently stand or walk due to neurological injuries and, as a result, requires a wheelchair for mobility. (*Compl.* [Doc. 1], ¶ 3.) Defendant Islands California Arizona LP is the operator/lessee of Islands Restaurant-La Jolla. (*Def.'s RSS* [Doc. 43-1], No. 2.)

On March 2, 2011, Sharp and his wife Joanne visited Islands Restaurant – La Jolla (the "Restaurant"), where he allegedly encountered various barriers that denied Sharp "full and equal access to and use of" the Restaurant's facilities. (*Compl.*, ¶ 9–12.) Several weeks later, Sharp filed this lawsuit against Defendant alleging violations of the Americans with Disabilities Act (the "ADA"), and California's Health and Safety Code, Unruh Civil Rights Act, and Disabled Persons Act.

The parties have now filed cross-motions for summary judgment. Although several arguments are raised in each motion, the essence of the present dispute concerns the validity and potential mootness of Sharp's ADA claims. Sharp contends that the alleged barriers listed in his motion are violations of the ADAAG, CBC, or both; that those violations prevent his full and equal access to the Restaurant; and that such violations will deter him from returning to the Restaurant until all alleged barriers have been removed.

Defendant counters that under Oliver v. Ralphs Grocery Co., 654 F.3d 903 (9th Cir. 2011), only barriers alleged in the Complaint are relevant, and Sharp cannot pursue claims for barriers identified in his subsequently filed Early Neutral Evaluations ("ENE") statements or expert's report. Defendant also contends that all ADA violations alleged in the Complaint are either not violations or are moot. Finally, Defendant argues that the Court should decline to exercise supplemental jurisdiction over Sharp's state-law claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case, or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. Id. at 322-23. If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60 (1970).

On the other hand, if the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

1  "The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001). Thus, the court is not obligated "to scour the record in search of a genuine issue of triable fact." Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing Richards v. Combined Ins. Co. of Am., 55 F.3d 247, 251 (7th Cir. 1995)). When conducting this analysis, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." Anderson, 477 U.S. at 255.

"[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its merits." Fair Hous. Council of Riverside Cnty, Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001) (internal quotes and citations omitted). Thus, "the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." Id. (quoting Wright, et al., Federal Practice and Procedure § 2720, at 335-36 (3d ed. 1998)). If, however, the cross-motions are before the court at the same time, the court is obliged to consider the evidence proffered by both sets of motions before ruling on either one. Id. at 1134.

### III.  DISCUSSION

#### A.  Oliver does not change the pleading standard for ADA plaintiffs alleging barriers.

Sharp previously sought leave to file a first amended complaint in order to add barriers that were identified in his ENE statements or expert's report, but not in the Complaint. In that motion, Sharp argued leave to amend was necessary because Oliver created a new pleading standard for ADA plaintiffs, requiring them to identify every

barrier in the complaint. Defendants opposed the motion, arguing that Oliver did not create a new pleading standard because plaintiffs were already required to provide a detailed list of the ADA violations in the complaint.

Before Sharp's motion to amend was fully briefed, the parties filed the pending cross-motions for summary judgment, which reiterated the parties' conflicting views on Oliver.[1] Because the parties have again raised Oliver in the pending motions, the Court must address the effect of that decision on ADA pleading standards.

Before Oliver, the Ninth Circuit addressed pleading standards in ADA cases in Skaff v. Meridien North America Beverly Hills, LLC, 506 F.3d 832 (9th Cir. 2007). There, plaintiff was a wheelchair-bound paraplegic who sued the defendant hotel for violations of the ADA after the hotel initially did not provide him with a room equipped with a roll-in shower and wall-hung shower chair. Id. at 835-36. In addition "[plaintiff's] complaint alleged more generally that during the course of his stay at the Hotel, Plaintiff encountered numerous other barriers to disabled access, including path of travel, guestroom, bathroom, telephone, elevator, and signage barriers to access, all in violation of federal and state law and regulation." Id. at 836 (internal quotations omitted). The complaint also stated that "[u]ntil Defendants make the Hotel and its facilities accessible to and useable by Plaintiff, he is deterred from returning to the Hotel and its facilities." Id. (internal quotations omitted).

In the context of reversing the district court's denial of plaintiff's motion for attorneys' fees and costs, the Ninth Circuit unequivocally held that, apart from the alleged inaccessible showers, the generally pled accessibility barriers in the complaint were sufficient to give plaintiff standing to pursue his case against the defendant hotel. Id., 506 F.3d at 840. In explaining its holding, the court referenced the "minimal hurdle of notice imposed by Rule 8," and specifically stated that:

---

[1] The Court ultimately denied Sharp's motion for leave to amend based on his failure to demonstrate good cause. (*See Order Deny Mt. to Amend* [Doc. 41].)

> As a matter of law, the [generally pled] allegations in paragraph 14 that Skaff encountered barriers to access, and the allegation in paragraph 17 that Skaff was deterred by accessibility barriers from visiting [the hotel], gave [the hotel] notice of the injury Skaff suffered and, at the pleading stage, established Skaff's standing to sue for violations of the ADA.

Id. at 841.

The court elaborated further, explaining that the "purpose of a complaint under Rule 8 [is] to give the defendant fair notice of the factual basis of the claim" and that "[s]pecific facts are *not necessary*." Id. (quoting Erikson v. Pardus, 551 U.S. 89, 93 (2007)) (internal quotations omitted) (emphasis added). The court explicitly rejected the defendant hotel's insinuation that a heightened-pleading standard be imposed on ADA plaintiffs, noting that "the Supreme Court has repeatedly instructed us not to impose such heightened standards in the absence of an explicit requirement in a statute or federal rule." Id. (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002)). Additionally, the Ninth Circuit determined that "concerns about specificity in a complaint are normally handled by the array of discovery devices available to a defendant." The court ultimately placed the onus on the hotel because the hotel did not make use of such devices to address details about the plaintiff's generally pled allegations. Id. at 842.

In Oliver, 654 F.3d 903, the Ninth Circuit again addressed the issue of pleading ADA barriers in a complaint, this time in the context of evaluating a summary-judgment ruling. In that case, a wheelchair-bound plaintiff sued a grocery store alleging eighteen architectural barriers existing on defendant's premises in violation of the ADA. Id., at 906. Unlike the more general barrier allegations in Skaff, the Oliver plaintiff's allegations identified the following specific barriers:

- tow away signage provided at the facility is incorrect;
- signage in the van accessible stall is incorrect;
- no stop sign painted on pavement where accessible route crosses vehicular way;
- no detectable warnings where accessible route crosses the vehicular way;
- pay-point machine mounted too high and out of reach;

- no directional signage leading to the accessible restrooms;
- signage at the men's restroom's entrance door is incorrect;
- door into the men's restroom requires too much force to operate and does not completely close;
- stall door is not self closing;
- handle and lock on stall door requires pinching and twisting to operate;
- side grab bar is mounted more than 12 inches from the back wall;
- side grab bar does not extend 24 inches beyond the toilet tissue dispenser;
- toilet tissue dispenser protrudes into the clear floor space needed at the water closet;
- trash receptacle protrudes into clear floor space needed at water closet;
- pipes underneath the lavatory are not wrapped to prevent burns;
- handles to operate the lavatory controls require twisting and grasping;
- soap dispenser's operable part is mounted more than 40 inches from floor;
- operable part of the hand dryer mounted more than 40 inches from floor.

Id. at 905, n. 5.

After the scheduling deadline for motions to amend the complaint had passed, the plaintiff filed motions to amend the scheduling order and complaint. Id., at 906. The motions were denied because plaintiff was unable to show good cause under Rule 16(b). Id. Four months later, plaintiff provided the defendant with his expert report, which added detail regarding some of the barriers already identified in plaintiff's complaint, but also "added several additional barriers that had not been listed in the complaint." Id. The parties then filed cross-motions for summary judgment. The district court granted summary judgment to the grocery store and explained that "it would not consider the barriers listed in Oliver's expert report because they were not properly before the court." Id.

On appeal, the Ninth Circuit affirmed the district court's ruling. In citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), the court again recognized the applicability of Rule 8's notice pleading standard to claims alleging barriers. Id., at 908. The court explained that "in order for the complaint to provide fair notice to the defendant, each such feature must be alleged in the complaint" and that "only disclosures of barriers in a properly pleaded complaint can provide such notice." Id. at 908-09. However, nowhere did the court address the specificity with which barriers

must be alleged in the complaint. Rather, the court generally stated that "for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself [and] a defendant is not deemed to have fair notice of barriers elsewhere identified." Id. at 909.

Contrary to the parties' arguments, Skaff and Oliver are compatible because each dealt with very different pleading approaches by the plaintiffs. While the Skaff plaintiff pled the alleged accessibility barriers very generally, the Oliver plaintiff pled a detailed, comprehensive list of barriers. For example, in Skaff, plaintiff pled simply that barriers existed in the bedroom, which the Ninth Circuit found sufficient under Rule 8. Important to this pleading approach is that it notifies defendant that discovery is needed to determine the exact barriers in the bedroom. In this way, ADA cases are no different than other cases where discovery is needed to determine all of plaintiff's theories supporting the causes of action pled in the complaint.

On the other hand, the Oliver plaintiff's approach left little doubt about what was wrong with the facility. For example, plaintiff alleged that the operable part of the hand dryer was improperly mounted more than 40 inches from the floor. This level of specificity necessarily precludes a plaintiff from later alleging another defect with respect to the hand dryer.

Here, Sharp's barrier allegations fall somewhere between Skaff and Oliver. Many of the allegations are somewhat general, requiring Defendants to use discovery to determine all of the alleged violations. However, the violations are not nearly as general as those pled in Skaff, thereby limiting the scope or type of violations Sharp may pursue given that his motion for leave to amend was denied.

### B. Sharp's Summary-Judgment Motion

#### 1. Sharp is a qualified person with a disability.

Sharp seeks summary adjudication of his status as a qualified person with a disability.

The Code of Federal Regulations defines a disability as a "physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 28 C.F.R. § 36.104. Sharp contends that he satisfies this standard because he is unable to independently walk or stand as a result of neurological injuries and requires the use of a wheelchair for mobility. (*Pl.'s P&A* [Doc. 29-1], pp. 3–4.)

Defendant does not address this issue in its memorandum of points and authorities. (*See Def.'s Opp'n* [Doc. 43].) However, in its opposing separate statement of material facts, Defendant appears to dispute that Sharp cannot independently walk or stand. (*See Def.'s RSS* [Doc. 43-1], No. 1.) Defendant's argument is ridiculous.

In support of its dispute that Sharp cannot independently stand or walk as a result of neurological injuries, Defendants cite Sharp's deposition testimony during which he admitted that he could stand with parallel bars, and within the past six months was able to walk approximately 22 feet with the aid of a walker. (*Def.'s RSS* [Doc. 43-1], No. 1, citing *Chilleen Dec.* [Doc. 43-2], Ex. A at p. 5.) The Court is at a complete loss as to how this testimony supports Defendant's contention that he can stand and / or walk *independently*. The only inference that could reasonably be drawn is that in order to stand or walk, Sharp requires the aid of the parallel bars or a walker. Thus, Sharp is entitled to summary adjudication on this issue.

### 2. The Restaurant is a place of public accommodation & Defendant is the operator/lessee.

Sharp next seeks to establish that the Restaurant is a place of public accommodation, and that Defendant Islands California Arizona LP is the operator/lessee of the Restaurant. (*Pl.'s P&A* [29-1], p. 4; *Pl.'s SSMF* [29-2], Nos. 2, 3.) Defendant does not dispute that the Restaurant is a place of public accommodation, and in its separate statement concedes that Defendant is the operator/lessee of the Restaurant. (*Defs.' RSS* [Doc. 43-1], Nos. 2, 3.) Accordingly, Sharp is entitled to summary adjudication on these issues.

### 3. <u>Barriers outside the Restaurant.</u>

Sharp seeks summary adjudication of the following alleged barriers that violate the ADA and/or CBC:

- no take-out accessible parking;
- no accessible route for the public right of way to the entrance;
- walk – excessive cross-slope;
- walk – excessive gap;
- walk – excessive slope with no handrails;
- curb ramp – excessive slope;
- curb ramp – excessive flared side slopes.

(*Pl.'s MSJ* [Doc. 29-1], 10:23—27, 11:1—10.)  Defendant opposes on the ground that it does not operate, own or lease the subject parking lot and, therefore, is not responsible for fixing these alleged barriers. (*See Def.'s RSS* [Doc. 43-1], Nos., 15, 16, 18—22.)

The Court agrees that a defendant is not liable for an alleged barrier on property that it does not own or control.  See <u>Hubbard v. Rite Aid Corp.</u>, 433 F.Supp.2d 1150, 1169 (S.D. Cal 2006) (finding that defendant could not "alter the path of travel on property it does not own or otherwise control).  Additionally, Sharp fails to respond to Defendant's contention that it does not operate, own or lease the property on which the above alleged barriers exist.    Nor does Sharp provide any such evidence.  Accordingly, Sharp is not entitled to summary adjudication on these issues is denied.

### 4. <u>Reception counter.</u>

Sharp next seeks summary adjudication that the reception counter is too high in violation of the CBC. (*Pl.'s MSJ* [Doc. 29-1], 12:1.)  In support of this claim, Sharp relies on a report prepared by Peter Margen, Sharp's expert witness. Margen states that he prepared the report after inspecting the Restaurant.[2]  (*Margen Dec.* [Doc. 29-5], ¶¶ 7—10.)  According to the report, the CBC requirement with respect to "work surfaces"

---

[2] Defendant's objection to the report is overruled. (*See Def.'s Obj. to Margen* [Doc.43-7], No. 3.)

is that "tops of tables and counters shall be 28 inches to 34 inches from the floor to the ground." (*Id.*, Ex. 2 at p. 11, item no. 3.11.) The report also states that the reception counter measure's 36". (*Id.*)

Defendant does not address this issue in its opposing points and authorities. However, Defendant's opposing separate statement states that Defendant "disputes" that the reception counter is too high in violation of the CBC. (*Def.'s RSS* [Doc. 43-1], No. 32.) In support of the "dispute," Defendant cites the declaration of Lewis Jackson filed in support of Defendant's summary-judgment motion. (*Id.*) However, Jackson's declaration states that "[n]o transactions take place at the hostess station or other counter referenced by Plaintiff." (*Jackson Dec.* [Doc. 42-4], ¶ 3.g.) This does not dispute Sharp's evidence that the counter is 36" high. Accordingly, Sharp is entitled to summary adjudication on this issue.

### 5. Accessible seating.

Sharp seeks summary adjudication of the following issues: no accessible seating in the dining area in violation of ADAAG and CBC; and no accessible bar seating in violation of ADAAG and CBC. (*Pl.'s MSJ* [Doc. 29-1], 12:2—5; *Pl.'s SSMF* [Doc. 29-2], Nos. 33, 34.) In support of these issues, Sharp relies on the Margen declaration. However, Margen's report indicates that there is accessible seating, which contradicts his claim that there is "no" seating. (*See Margen Dec.* [Doc. 29-5], Ex. 2 at p. 11, item no. 3.12, and p. 15, item no. 3.20.) Accordingly, Sharp is not entitled to summary adjudication on these issues.

### 6. Bar-area table seating knee clearance.

Sharp seeks summary adjudication of the following issue: bar area – table seating without required knee clearance in violation of ADAAG and CBC. (*Pl.'s MSJ* [Doc. 29-1], 12:6—7.) In support of this claim, Sharp relies on Margen's declaration, which states that the knee depth is 17 inches. (*Margen Dec.* [Doc. 29-5], Ex. 2 at p. 13, item

no. 3.18.) However, Defendant provides evidence that the knee depth is 19 inches. (*See Jackson Dec.* [Doc. 42-4], ¶ 3.5.) Additionally, Jackson provides photographs confirming his measurement. (*Id.*, Ex. D1—D4.) Because a dispute exists regarding the correct measurement, Sharp is not entitled to summary adjudication on this issue.

### 7.  Men's restroom door pressure.

Sharp seeks summary adjudication of the following issue: men's restroom door – requires excessive opening force in violation of ADAAG and CBC. (*Pl.'s MSJ* [Doc. 29-1], 13:17—18.) In support of this claim, Sharp relies on Margen's declaration, which states that the door requires 6 lbs. of force to open. (*Margen Dec.* [Doc. 29-5], Ex. 2 at p. 20, item no. 4.15.) However, Defendant provides evidence that the door requires less than 5 lbs. of force. (*Jackson Dec.* [Doc. 42-4], ¶ 3.b.) Additionally, Jackson provides photographs confirming his measurement. (*Id.*, Ex. B1—B4.) Because a dispute exists regarding the correct measurement, Sharp is not entitled to summary adjudication on this issue.

### 8.  Additional briefing on Sharp's remaining architectural barriers.

Sharp's motion seeks summary adjudication with respect to the following barriers that allegedly violate the ADA and/or the CBC:

- no directional signage;
- primary entrance signage – ISA signs not provided;
- bench seating – exterior with no accessible seating;
- vestibule door – obstruction in strike side clearance;
- vestibule door – inadequate space between doors in sequence;
- vestibule door – requires excessive force;
- take out entrance – ISA signs not provided;
- take out entrance door – requires excessive force;
- take out entrance – no directional signage;
- east side door strike side clearance – push side;
- bar area – no directional signage to ramp;
- bar area – excessive gap between ramp handrail and the wall;
- bar area – no curb or wheel chair guides;
- women's restroom door – no smooth bottom surface;

- women's restroom door – inadequate landing on push side;
- women's restroom – inadequate clear floor/turnaround space;
- women's restroom lavatories – lack of required knee space;
- women's restroom lavatory – lack of insulation;
- women's restroom path of travel to the accessible toilet compartment – width;
- women's restroom accessible toilet compartment door self-closing device;
- women's restroom accessible toilet compartment door pull handle location in incorrect location;
- women's restroom accessible toilet compartment – inadequate width;
- women's restroom accessible toilet – centerline;
- women's restroom accessible toilet compartment toilet tissue dispenser – location from rear wall;
- men's restroom entry door – no bottom smooth surface;
- men's restroom door – landing too small;
- men's restroom lavatories – lack of required knee space;
- men's restroom lavatory – lack of insulation;
- men's restroom – inaccessible path of travel to accessible toilet compartment;
- men's restroom accessible toilet compartment door – self-closing device broken;
- men's restroom accessible toilet compartment door – no pull handle;
- men's restroom accessible toilet compartment toilet – centered;
- men's restroom accessible toilet compartment – width;
- men's restroom accessible toilet compartment toilet tissue dispenser – location from rear wall;
- men's restroom accessible toilet compartment baby changing table – handle.

(*Pl.'s MSJ* [Doc. 29-1], pp. 10–14.)

In response to these issues, Defendant contends the claims are barred under Oliver. Accordingly, with respect to the above issues, the parties are ordered to provide supplemental briefing regarding whether the above violations are barred or fall within the scope of Sharp's Complaint.

### C.  Defendant's Summary-Judgment Motion

#### 1.  Accessible waiting area.

Defendant seeks summary adjudication that the Restaurant's waiting area is accessible and does not violate the ADA. (*Def.'s MSJ* [Doc. 42-1], 7:8—9.) In support

of this request, Defendant cites the declaration of Lewis Jackson. (*See Def.'s SSMF* [Doc. 42-2], No. 2.) With respect to this issue, Jackson's declaration provides that the "waiting area is accessible to wheelchair users and complies with all ADAAG requirements." (*Jackson Dec.* [Doc. 42-4], ¶ 3.a.) This statement, however, constitutes an improper legal conclusion. Jackson fails to identify any facts supporting the conclusion that the waiting area is accessible. Additionally, in light of the lack of factual support indicating why Defendant believes the waiting area is accessible, Defendant's request is vague. Finally, Sharp also provides conflicting evidence that the area is "accessible." (*See Pl.'s SSGI* [Doc. 44-2], No. 2; *Margen Dec.* [Doc. 44-3], ¶10.l.) For these reasons, Defendant's request for summary adjudication of this issue is denied.

### 2. Entry door & bathroom door pressure.

Defendant seeks summary adjudication that the entry door and bathroom doors do not require excessive pressure in violation of the ADA. For the reasons stated in section B.7 above, the Court finds a disputed issue of material fact exists regarding the pressure required to open the bathroom doors. (*See also Margen Dec.* [Doc. 29-5], Ex. 2 at p. 16, item no. 4.2, regarding door pressure for women's restroom door.)

With respect to the entry door, in support of this request, Defendant cites the declaration of Lewis Jackson. (*See Def.'s SSMF* [Doc. 42-2], No. 3.) With respect to this issue, Jackson's declaration states that the door pressure is less than 5 lbs. (*Jackson Dec.* [Doc. 42-4], ¶ 3.b.) In addition, Jackson attaches photographs demonstrating that the pressure is less than 5 lbs. (*Id.*, Ex. B1—B4.) Sharp's opposition does not address this issue, nor has Sharp cited any conflicting evidence. Accordingly, Defendant is entitled to summary adjudication of this issue.

### 3. Bar counter.

Defendant seeks summary adjudication that the bar counter is accessible because it has a lowered portion. (*Def.'s MSJ* [Doc. 4256-1], 7:16—22.) In support of this

1  request, Defendant cites the declaration of Lewis Jackson. (*See Def.'s SSMF* [Doc. 42-
2  2], No. 4.) Jackson's declaration states that the "bar counter has a lowered portion."
3  (*Jackson Dec.* [Doc. 42-4], ¶ 3.c.) However, in support of Sharp's summary-judgment
4  motion, Margen's report indicates that the "bar counter is 42" AFF and no lowered
5  section is provided." (*See Margen Dec.* [Doc. 29-5], Ex. 2 at p. 13, item no. 3.17.)
6  Because a disputed issue of material fact exists, Defendant is not entitled to summary
7  adjudication on this issue.

### 4. <u>Accessible seating in the bar and dining area.</u>

Defendant seeks summary adjudication of the fact that at least two bar tables are accessible. (*Def.'s MSJ* [Doc. 42-1], 7:25—26.) In support of this request, Defendant cites the declaration of Lewis Jackson. (*See Def.'s SSMF* [Doc. 42-2], No. 5.) Jackson's declaration states that the two bar tables are at least 30 inches wide, have 19 inches of knee depth, at least 27 inches of knee space, and are between 28 and 34 inches high. (*Jackson Dec.* [Doc. 42-4], ¶ 3.d.) However, in support of Sharp's summary-judgment motion, Margen's report states that the depth of the knee space underneath the two tables is only 17 inches. (*Margen Dec.* [Doc. 29-5], Ex. 2 at p. 13, item no. 3.18.) Accordingly, Defendant is not entitled to summary adjudication on this issue because a dispute exists regarding the tables' knee depth.

Defendant also seeks summary adjudication of the fact that there are 39 tables in the dining area, at least 6 of which are "accessible", and thus the accessible fixed seating does not violate the ADA. (*Def.'s MSJ* [Doc. 42-1], 8:2—3.) In support of this request, Defendant cites the declaration of Lewis Jackson. (*See Def.'s SSMF* [Doc. 42-2], No. 6.) Jackson's declaration states there are 39 tables, at least 6 of which measure at least 30 inches wide, with a knee depth of at least 19 inches, knee space of at least 27 inches and a height between 28 and 34 inches. (*Jackson Dec.* [Doc. 42-4], ¶ 3.e.) Sharp objects to this statement adjudication as inadmissible expert testimony. (*Pl.'s SSGI* [Doc. 44-2], No. 6.) But Jackson's declaration states the total number of tables

in the dining area, and provides their measurements. Plaintiff provides no authority and provides no explanation as to why he believes this testimony is inadmissible expert testimony. The Court, therefore, overrules Sharp's objection and Defendant's evidence is undisputed.

ADAAG requires at least 5%, but not less than one, of the fixed tables shall be accessible. See ADAAG § 5.1; *see also Margen Dec. in Support of Pl.'s MSJ* [Doc. 53-5], Ex. 2 at p. 12; *Defs.' Reply* [Doc. 73], 3:18–26.) Based on the number of tables identified in Defendants' motion, the Restaurant has a sufficient number of accessible fixed tables in the dining area. Defendant is, therefore, entitled to summary adjudication on this issue.

### 5.     Path of travel blocked by easily removable objects.

Defendant seeks summary adjudication to the extent Sharp contends that the path of travel to the restrooms is blocked by the storage of chairs. (*Def.'s MSJ* [Doc. 42-1], 8:5—17.) In support of this request, Defendant cites the declaration of Lewis Jackson. (*See Def.'s SSMF* [Doc. 42-2], No. 7.) Jackson's declaration states the "path of travel to the restrooms is not blocked by chairs or anything." (*Jackson Dec.* [Doc. 42-4], ¶ 3.f.)

Sharp does not respond to this issue in his opposition, nor does he provide any evidence in opposition to this issue. Instead, Sharp objects to Jackson's statement as inadmissible expert testimony (*See Pl.'s SSGI* [Doc. 44-2], No. 7.) Sharp provides no authority and provides no explanation as to why he believes this testimony is inadmissible expert testimony. The Court, therefore, overrules Sharp's objection and Defendant's evidence is undisputed. Accordingly, Defendant is entitled to summary adjudication on this issue.

//
//

### 6. <u>Hostess counter.</u>

Defendant seeks summary adjudication on Sharp's claim that the hostess counter violates the ADA. (*Def.'s MSJ* [Doc. 42-1], 8:18—21.) Defendant argues that because no transactions take place at the hostess counter, it is not required to be wheelchair accessible. (*Id.*, 8:20–21.) In support of this request, Defendant cites the declaration of Lewis Jackson. (*See Def.'s SSMF* [Doc. 42-2], No. 8.) Jackson's declaration states that no transactions take place at the hostess counter. (*Jackson Dec.* [Doc. 42-4], ¶ 3.g.)

Sharp's opposing points and authorities does not respond to this issue. Nor does Sharp's Separate Statement of Genuine Issues dispute that no transactions take place at the hostess station. (*See SSGF* [Doc. 44-2], No. 8.) Instead, Sharp simply objects to Defendant's evidence as inadmissible expert testimony. (*Id.*)

Sharp fails to explain how Jackson's statement that no transactions take place at the hostess counter constitutes inadmissible expert testimony, nor can the Court conceive of a reason why this statement constitutes inadmissible expert testimony. The objections is, therefore, overruled. Because this issue is undisputed, Defendant is entitled to summary adjudication on this issue.

### 7. <u>Aisles.</u>

Defendant seeks summary adjudication on Sharp's ADA claim that certain accessible tables do not have sufficient aisle space. (*Def.'s MSJ* [Doc. 42-1], 9:17—18.) In support of this request, Defendant cites the declaration of Lewis Jackson. (*See Def.'s SSMF* [Doc. 42-2], No. 10.) Jackson's declaration states that "[a]ll accessible tables are accessible by way of an access aisle that is at least 36 inches clear between parallel edges of tables or between a wall and the table edges." (*Jackson Dec.* [Doc. 42-4], ¶ 3.i.)

In response, Sharp cites the declaration of Margen, who states that after re-inspecting the facility on March 8 2012, he found that the "path of travel to the accessible tables in the dining area is through the bar area, and the width between

tables and the bar counter are less than 36 inches wide. . . ." (*See Margen Dec.* [Doc. 44-3], ¶10.t.) Accordingly, a disputed issue of fact exists and Defendant is not entitled to summary adjudication on this issue.

### 8. **Policies.**

Defendant seeks adjudication judgment on Sharp's ADA claim that Defendant has discriminatory policies relating to accessible tables and the path of travel to the restroom. (*Def.'s MSJ* [Doc. 42-1], 9:20—22.) In support of this request, Defendant cites the declaration of Lewis Jackson. (*See Def.'s SSMF* [Doc. 42-2], No. 11.) Jackson's declaration states that Defendant has comprehensive disabled access policies, and he provides a copy of the Restaurant's policies. (*Jackson Dec.* [Doc. 42-4], ¶ 4 and Ex. H.)

Sharp's opposing points and authorities does not respond to this issue. Nor does Sharp's Separate Statement of Genuine Issues dispute that Defendant has comprehensive patron policies. (*See SSGF* [Doc. 44-2], No. 10.) Instead, Sharp simply objects to Defendant's evidence as inadmissible expert testimony. (*Id.*) Again, Sharp fails to cite authority or explain how Jackson's statement constitutes inadmissible expert testimony. The objection is, therefore, overruled.

Additionally, because Sharp bears the burden of proof at trial regarding this issue, he may not simply rely on his objection to Defendant's evidence. Instead, he must come forward with evidence demonstrating that the policies do not comply with the ADA. Celotex, 477 U.S. at 323–324 ("Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, Rule 56(e) requires the nonmoving party to" provide evidence demonstrating a genuine issue for trial.). Because he has failed to do so, for this additional reason, Defendant is entitled to summary adjudication on this issue.[3]

---

[3] Although not required to do so, the Court has also reviewed Sharp's summary-judgment motion to determine if there he points to any deficiencies in Defendant's policies that

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Court **GRANTS IN-PART** and **DENIES IN-PART** the parties' summary-judgment motions [Docs. 29, 42], as set forth above. Additionally, in light of the discussion of Oliver in section III.A. of this order, the Court further **ORDERS** as follows:

- On or before **October 19, 2012**, Defendant shall file a brief, not to exceed 10 pages, that addresses whether the following issues are barred by Oliver: (1) each of the barriers listed in section B.8, above, and (2) the barriers identified by Sharp in opposition to Defendant's summary-judgment motion regarding the "Men's Restroom" and "Women's Restroom."
- On or before **November 2, 2012**, Sharp shall file a brief reply, that does not exceed 10 pages, to Defendant's supplemental brief. Sharp's reply brief shall also address whether he has standing to pursue alleged barriers in the women's restroom.

**IT IS SO ORDERED.**[4]

DATE: September 27, 2012

_____
Hon. Thomas J. Whelan
United States District Judge

---

would support his ADA claim. His motion does not raise any such issues.

[4] Defendant also argues that the Court should refuse to exercise supplemental jurisdiction over Sharp's state-law claims. This argument was premised on the Court granting Defendant's summary-judgment motion with respect to all of the alleged ADA barrier violations. Because many of the issues have survived Defendant's motion, the Court need not decide whether it should exercise supplemental jurisdiction.